IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Billy Lee Lisenby, Jr., #200273, *a/k/a Malik Al-Shabazz*, <br><br>Petitioner, <br><br>vs. <br><br>Warden Levem Cohen, Warden of Ridgeland Corr. Inst., <br><br>Respondent. | Civil Action No.: 8:09-2929-DCN-BHH <br><br>**REPORT AND RECOMMENDATION** <br>**OF MAGISTRATE JUDGE** |

The Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 on November 16, 2009. The Petitioner seeks the reinstatement of thirty days of good time credit and all of his privileges, and that he be given an additional twenty days of good time credit for the month he did not earn any. Before the court is the Petitioner's Motion for Default Judgment. (Dkt. #12.) The Petitioner contends that the Respondent Warden Cohen has failed to respond to this habeas petition, and therefore a default judgment should be entered. However, a review of this case shows that a default judgment is not appropriate.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). However, it is well-settled that habeas petitioners should not receive a default judgment under normal circumstances. *See Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to

enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); *see also Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir. 1990) (holding "[t]he failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); *Allen v. Perini,* 424 F.2d 134, 138 (6th Cir.1970) ("Rule 55(a) has no application in habeas corpus cases."). In any event, in this case the court notes that the Respondent's time to respond to this habeas petition has not yet run. A review of the docket shows that the wrong party was initially served the habeas petition, and that the Respondent Warden Cohen was not actually served until January 25, 2010, and the Respondent's answer is not due until March 16, 2010.

Based on the foregoing, it is recommended that the Petitioner's Motion for Default Judgment (Dkt. # 12) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 16, 2010
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).