IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr., #200273, a/k/a Malik Al-Shabazz, <br><br> Petitioner, <br><br> vs. <br><br> Levern Cohen, Warden of Ridgeland Correctional Institution, <br><br> Respondent. | C/A No.: 1:09-2929-JMC-SVH <br><br><br><br> REPORT AND RECOMMENDATION |

      Petitioner Billy Lee Lisenby, Jr., is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections (SCDC) who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks the reinstatement of thirty days of good time credit and all of his privileges, as well as an additional twenty days of good time credit for the month he was not permitted to earn them. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #21, #22]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #25]. Petitioner filed a response in opposition to Respondent's motion. [Entry #34]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion be granted.

I.      Procedural Background

Petitioner is serving a ten-year sentence for Assault with Intent to Kill, consecutive to a three-year sentence for Failure to Stop for Blue Light. Petitioner filed his petition on November 16, 2009, challenging the judgment from an August 2008 SCDC disciplinary hearing that took place at MacDougall Correctional Institution. The disciplinary hearing arose out of an August 4, 2008 charge of Threatening to Inflict Harm on/Assaulting an Employee and/or Members of the Public.

On August 13, 2008, Petitioner was brought before a Disciplinary Hearing Officer (DHO) for a hearing, at the conclusion of which he was convicted of the underlying charge and was sanctioned with loss of privileges, disciplinary detention, and the loss of thirty days of good time credits. As a result of the conviction, Petitioner was not permitted to earn good time credits for the month in which the incident occurred.

After his conviction at the hearing, Petitioner filed a Step One grievance with SCDC on August 13, 2008. SCDC determined that Petitioner's hearing was conducted in a fair and impartial manner and that there were no technical errors. Petitioner appealed the decision in a Step Two grievance on October 15, 2008. SCDC again determined that Petitioner was afforded his due process rights and that there was no reason to warrant the reversal of the DHO's decision. Petitioner then filed an appeal with the Administrative Law Court (ALC) on December 10, 2008, which affirmed the decision of the SCDC and dismissed Petitioner's case by Order dated October 13, 2009. The record does not reflect that Petitioner ever appealed the decision of the ALC, and in fact, in his Answers to the

Court's Special Interrogatories, Petitioner acknowledges that he did not file an appeal of the ALC's decision to the South Carolina Court of Appeals. [Entry #7]. In his response to the special interrogatories, Petitioner indicated that he filed a Motion to Reconsider with the ALC and was told that "decisions are final." *Id.* at 2. The record does not include any such motion.

II.     Discussion

  A.     Federal Habeas Issues

Petitioner alleges that "[h]e abided by policy and sent Mrs. Pendarvis a request to staff asking her to have Sgt. Gallagher and Captain Davis called as [his] witnesses" at the DHO hearing. Pet. at 8 [Entry #1]. Petitioner claims that he requested these individuals be witnesses "[b]ecause they investigated the incident and Sgt. Gallagher stated in the supervisors comment: Comments "I/M Lisenby was counseled by me Sgt. Gallagher. I feel there was no threat to the officer." *Id.* at 8–9. Petitioner further claims that "Sgt. Gallagher and Captain Davis also could have testified that Petitioner was held in the holding cell for 6 hrs, and both the Sgt and Captain questioned witnesses who say Petitioner didn't threaten Ofc. Richberger." *Id.* at 9. Petitioner contends that he was assured by Sgt. Gallagher and Captain Davis that "he would not be charged and advised the DHO call them." *Id.* at attach. 1 [Entry #1-1]. Petitioner claims the DHO attempted to call Sgt. Gallagher and Captain Davis, but could not reach them. Therefore, Petitioner contends that he "was denied his right to have his witnesses present or called on his behalf." *Id.* Finally, Petitioner contends that the fact that he was held in the holding cell

for six hours, counseled, and then brought in front of the DHO constitutes double jeopardy because Petitioner alleges that is three forms of punishment. *Id.*

Petitioner requests 30 days loss of good time back, along with all his privileges reinstated, and 20 days he was not able to earn for the month. Petitioner also requests that he be taken "up for review in front of the classification board." Pet. at 9. Respondent denies all of Petitioner's claims and moves for summary judgment.

> B.   Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the

non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus

        1.    Section 2241 Generally and Exhaustion Requirement

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. This requirement of exhaustion is largely unavoidable. *Ex parte Hawk*, 321 U.S. 114, 117 (1944). "Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

Before a state prisoner can seek federal habeas relief under 28 U.S.C. § 2241, he must first exhaust any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490–91 (1973) (exhaustion required under § 2241). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) *(discussing Braden*, 410 U.S. 484).

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the ALC. *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corr.*, 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations in which an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status.

*Sullivan v. S.C. Dep't of Corr.*, 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz*, 527 S.E.2d at 750. Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the ALC, rather than through a post-conviction relief (PCR) application filed in circuit court. *See Al-Shabazz*, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act (APA) and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the ALC may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C. Code Ann. § 1-23-610; Rule 242, SCACR.

Here, Petitioner raises such an administrative issue, because he asserts that the SCDC has wrongly denied him good time credits. Accordingly, the exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the ALC as outlined in *Al-Shabazz*, with appeal to the state appellate courts. *Al-Shabazz*, 527 S.E.2d at 752-57 (discussing the application of the APA and the review process); 203(b)(6), SCACR; *see also* S.C. Code Ann. § 1-23-610(A)(1).[1]

---

[1] This procedure, which applies for most § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254, which generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C. Code Ann. §§ 17-27-10, *et seq*.; Rule 243, SCACR.

### 2. Petitioner Has Not Exhausted His Administrative Remedies

Petitioner filed Step One and Step Two grievances, both of which were investigated and denied. Petitioner then appealed the decision of SCDC with the ALJ on December 10, 2008. The ALJ affirmed SCDC's decision and dismissed Petitioner's appeal. As noted above, Petitioner admitted that he did not file any appeal of the ALC's decision to the South Carolina Court of Appeals.

After reviewing the record, the undersigned recommends finding that Petitioner has failed to exhaust his claims through the grievance process. "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (internal quotation omitted). Based on Petitioner's failure to exhaust his state court remedies, the undersigned recommends that Respondent's motion for summary judgment be granted. Further, even if Petitioner's claims are considered on their merits, the undersigned recommends that Respondent's motion for summary judgment be granted.

### 3. Due Process Claims

Even if Petitioner were able to establish good cause for his failure to exhaust, he has not established that he is entitled to habeas relief. Petitioner argues that the DHO denied him the opportunity to call two witnesses he purportedly requested to have testify at his August 2008 hearing, which the court considers as a claim that he was denied procedural due process.

Prison officials must accord an inmate minimal due process requirements for a disciplinary hearing, as such hearings could result in deprivation of a state-created liberty interest—good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The Supreme Court outlined the following due process protections to which an inmate is entitled in a prison disciplinary proceeding that put the inmate's liberty interest at stake: 1) advance written notice of the charges; 2) a written statement citing the evidence relied upon and the reasons for the action taken; and 3) the inmate's right to call witnesses and present documentary evidence, if institutional safety will not be jeopardized. *Id.* at 563–67.

The undersigned is of the opinion that the process afforded to Petitioner satisfied his due process rights. The Inmate Notification sections of the Disciplinary Report and Hearing Record, signed by Petitioner, demonstrate that Petitioner received notice of the disciplinary hearing on August 11, 2008, two days prior to the August 13, 2008 hearing date. Respondent's Mot., ex. 2 [Entry #22-4]. The written record of the disciplinary hearing establishes the evidence the DHO relied on in forming his decision, as well as the reasons for convicting Petitioner and taking the disciplinary actions that were taken. *Id.*

As for the requirement that the inmate be permitted to call witnesses and present his own evidence in his defense, Petitioner alleges that he was denied the opportunity to present two witnesses whom he claims would have supported his defense to the disciplinary hearing charge. However, the record contains no evidence that he ever attempted to call any witnesses.

Specifically, Petitioner alleges that he "abided by policy and sent Mrs. Pendarvis a request to staff form asking her to have Sgt. Gallagher and Captain Davis called as [his] witnesses." Pet. at 8. Respondent argues that its records do not contain any evidence that Petitioner made such a request and that SCDC policy requires inmates to list the names of all requested witnesses on a Request to Staff Member form and address their form to their Counsel Substitute or to the DHO if the inmate has not been assigned a Counsel Substitute. Respondent's Br. at 9 (*citing* SCDC Policy OP-22.14, § 8.2.4 (Oct. 1, 2007)) [Entry #21] . These requests are required to be received at least 24 hours prior to the hearing. *Id.* Because there is no record of such requests, Respondent argues that it did not deny due process. Further, Respondent claims that Petitioner's appearance at his hearing and his presenting his own explanation of the incident, including his denial of the allegations of the incident report and allegations made by Officer Richberger during the hearing afforded him due process. Respondent's Br. at 9–10.

In his response, Petitioner claims that he made the request for witnesses appropriately by providing such requests to Ms. Pendarvis, who is DHO Blackwell's assistant. Petitioner's Br. at 2 [Entry #24]. He acknowledges that such requests must be made 24 hours prior to a hearing. *Id.* However, Petitioner does not offer documentary or other evidence to support his claim that he submitted appropriate paperwork. The undersigned recommends finding that Petitioner's due process rights were not violated.

Moreover, a decision by a prison disciplinary board satisfies due process if there is some evidence in the record to support the board's decision. *Superintendent v. Hill*, 472 U.S.

445, 454 (1985). In *Hill*, the United States Supreme Court set out the constitutional evidentiary standard to be used when courts review prison discipline decisions. The Supreme Court held that due process is satisfied if there is "some" evidence to show that the inmate committed the offense. 472 U.S. at 455. The Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

472 U.S. at 456. The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the disciplinary board's decision. 472 U.S. at 455–56. This standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). As the *Hill* Court noted:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

472 U.S. at 455–56. Judicial review of prison disciplinary actions is, therefore, limited solely to a determination to whether there is some evidence in the record to support the DHO's decision. Here, there is some evidence in the record to support the DHO's decision, namely the officer's incident report. The Disciplinary Report and Hearing Record indicates that the DHO based his finding that Petitioner was guilty on the incident report of the SCDC officer

who observed Petitioner committing the offense that was the basis for the disciplinary hearing. The undersigned finds that the evidentiary standard of *Hill* was satisfied in this case.

### 4. Double Jeopardy Claims

Finally, the undersigned agrees with Respondent that Petitioner's claim that he was subjected to three separate forms of punishment in violation of the Double Jeopardy Clause is without merit. Under the Double Jeopardy Clause of the Fifth Amendment, "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . .." U.S. CONST. amend. V. However, "the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, 'in common parlance,' be described as punishment." *Hudson v. U.S.*, 522 U.S. 93, 98–99 (1997). Rather, "[t]he Clause protects only against the imposition of multiple *criminal* punishments for the same offense, and then only when such occurs in successive proceedings." *Id.* (internal citations omitted).

The Fifth Amendment prohibition on double jeopardy does not cover sanctions imposed as a result of a prison disciplinary hearing conviction. *See Anderson v. Padula*, No. 05-3029, 2006 WL 1075003 (D.S.C. April 19, 2006), *Teron v. Kupec*, No. 01-2155, 2001 WL 34698403 (D. Md. July 30, 2001) ("Double jeopardy does not apply to prison disciplinary proceedings"). Therefore, the Double Jeopardy Clause was not violated by Petitioner's disciplinary hearing conviction, and Respondent's motion should be granted.

III.    Conclusion

For the foregoing reasons, it is recommended that Petitioner's habeas petition be dismissed and Respondent's Motion for Summary Judgment be granted.

IT IS SO RECOMMENDED.

January 6, 2011                                    Shiva V. Hodges
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**